ON MOTION TO DISMISS
CRAIN, Judge.
This matter involves a motion by the State to dismiss defendant’s unlodged criminal appeal. The State contends that defendant has not taken any steps to perfect this appeal since the appeal was granted and his sentence was stayed. The return date was originally set for March 30, 1984. This was extended until April 30, 1984. The State submits a letter from the St. Mary Parish Clerk’s office dated August 30, 1984, informing defense counsel that the transcripts had been prepared since April 25, 1984. The clerk’s office advises this court that no date was set for filing the assignments of error; rather defendant was to submit those prior to the return date.
Defendant has filed an opposition to the motion to dismiss. Essentially he claims that his unemployment and financial prob *52 lems have prevented him from pursuing the appeal. He states that he now is prepared to actively prosecute the appeal if this Court grants an extension of time to file his brief.
Apparently St. Mary Parish has not sent the record to be lodged because defense counsel has not filed his assignment of errors. This Court will not accept the record until the assignment has been made. However, the failure to file the assignment is not grounds for dismissal; the sanctions for failure to timely file are provided for in La.C.Cr.P. 844.
Since there is a stay of sentence it appears that defendant does not have an interest in moving this appeal forward, assuming the matter is appealable at all.[1] However, the proper remedy of the State is not dismissal of the appeal, so we deny that motion. We further order that the trial judge determine the appealability of this matter, and if appeal is appropriate that the trial judge proceed in accordance with La.C.Cr.P. art. 844(B) to determine the appropriate action to take to move this appeal forward.
DECREE
MOTION TO DISMISS UNLODGED APPEAL DENIED. TRIAL JUDGE ORDERED TO PROCEED IN ACCORDANCE WITH INSTRUCTIONS OF THIS COURT AND LA.C.CR.P. ART. 844(B).

. We note the charges are referred to as DWI, Possession of Marijuana, and driving left of center. These could be misdemeanors and not appealable unless cumulated as different counts in one bill, or joined for trial, and unless La.C. Cr.P. art. 493.1 is inapplicable. State v. McCarroll, 377 So.2d 475 (La.1976). If not appealable defendant’s only recourse to this court is for supervisory writs.